IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:10-CV-153-DCK

YOURATM.COM, INC.,

    Plaintiff,

v.

NCR CORPORATION,

    Defendant.

**ORDER CONFIRMING ARBITRATION AWARD AND FINAL JUDGMENT**

**THIS MATTER IS BEFORE THE COURT** on Plaintiff YourATM.com, Inc.'s ("Plaintiff") "Amended Motion For Confirmation Of Arbitration Award" (Document No. 26), confirming the arbitration award between Plaintiff and Defendant NCR Corporation ("Defendant") made on August 4, 2012. The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and immediate review is appropriate. Having carefully considered the motion and the record, and noting Defendant's consent, the undersigned will grant the motion.

After consideration of the record and the "Amended Motion For Confirmation Of Arbitration Award" and brief in support thereof, the Court finds as follows:

1. On March 11, 2010, Plaintiff filed its Complaint against Defendant in the North Carolina Superior Court of Union County alleging claims arising out of an agreement between the parties regarding the sale of certain automatic teller machines ("ATMs").

2. On April 1, 2010, Defendant removed the state court action to this Court.

3. The jurisdiction of this Court is based on 9 U.S.C. § 9 and 28 U.S.C. § 1332. Plaintiff is a North Carolina corporation that has its principal place of business in Union County,

North Carolina; Defendant is a Maryland corporation that has its principal place of business in Duluth, Georgia; and the amount in controversy, exclusive of interest and costs, exceeds $75,000. (Compl. ¶¶ 1-2; Answer ¶¶ 1-2; Notice of Removal ¶ 3.)

4. In accordance with the parties' agreement, Plaintiff entered into written contracts with Defendant by which Defendant agreed to sell ATMs to Plaintiff and Plaintiff agreed to purchase ATMs from Defendant. Copies of these contracts (collectively, the "Contract") are attached as <u>Exhibit A</u>.

5. The Contract evidences a transaction involving interstate commerce within the meaning of 9 U.S.C. §§ 1 and 2.

6. The Contract contains an arbitration clause which, among other things, specifies that a judgment of a court of competent jurisdiction may be entered on an arbitration award.

7. Pursuant to the arbitration clause of the Contract, the parties submitted the dispute to arbitration, with Jonathan R. Harkavy being appointed as arbitrator (the "Arbitrator").

8. On August 4, 2012, after holding hearings at which both parties appeared and after considering all of the evidence, the Arbitrator made his award in writing (the "Award"). A copy of the Award is attached as <u>Exhibit B</u>.

9. The Award was first delivered to counsel for the parties by electronic mail on August 8, 2012.

10. On August 22, 2012, Plaintiff submitted a request to the Arbitrator to modify the Award (the "Motion for Modification").

11. On September 21, 2012, Defendant filed a response opposing Plaintiff's Motion for Modification and on September 26, 2012, Plaintiff filed its reply to Defendant's response.

12. On October 5, 2012, the Arbitrator denied Plaintiff's Motion for Modification and reaffirmed the Award made on August 4, 2012. A copy of the Arbitrator's order denying Plaintiff's Motion for Modification is attached as <u>Exhibit C</u>. No further requests to amend, modify, or vacate the Award have been made by either party to the Arbitrator or this Court.

13. The Award grants the following relief:

    (a) Defendant shall pay to Plaintiff $321,668.32 on Plaintiff's breach of contract claim;

    (b) Plaintiff shall pay to Defendant $220,000.00 on Defendant's counterclaim; and

    (c) Upon payment to Defendant by Plaintiff of the full amount awarded, Defendant shall treat Plaintiff on the same basis as it does all other paid-up purchasers of ATMs, including furnishing parts and service. Defendant is not, however, obligated by virtue of the Award to furnish the IP[1] to Plaintiff.

14. Plaintiff has paid Defendant the full amount awarded on Defendant's counterclaim ($220,000) by offsetting this amount against the amount awarded to Plaintiff ($321,668.32), so that the net award in Plaintiff's favor is $101,668.32.

15. Plaintiff's Amended Motion for Confirmation of Arbitration Award was properly and timely filed with this Court pursuant to 9 U.S.C. § 9.

**IT IS, THEREFORE, ORDERED,** that:

1. Plaintiff's "Amended Motion For Confirmation Of Arbitration Award" (Document No. 26) is **GRANTED**;

---

[1] All capitalized terms not otherwise defined herein shall have the meanings set forth in the Award.

2. Judgment on the Award is **ENTERED** in the amount of $101,668.32 in favor of Plaintiff and against Defendant;

3. Plaintiff is entitled to post-judgment interest at the legal rate until such time as the judgment is paid and satisfied in full; and

4. Defendant shall treat Plaintiff on the same basis as it does all other paid-up purchasers of ATMs, including furnishing parts and service; however, Defendant is not obligated by virtue of the Award or this Order to furnish the IP to Plaintiff;

**SO ORDERED**.

Signed: December 3, 2012

David C. Keesler
United States Magistrate Judge